# CHARLESTON

## SANDERS v. WISE *et al.*

Submitted September 4, 1914.   Decided September 29, 1914.

NEW TRIAL—*Grounds for Granting—Loss of Evidence.*

In an action on contract for unliquidated damages, commenced in 1904, a verdict for defendant was returned in 1909, whereupon plaintiff promptly moved for a new trial. For reasons not appearing, action on the motion was delayed until 1913, when a special judge, then selected to act thereon (he being the regular judge presiding when the case was tried), awarded a new trial, assigning, as the sole reason therefor, his failure to "find anything in the record as to what the evidence was before the jury". Upon writ of error, nothing appears as to the character, extent or manner of loss of the evidence, or what effort, if any, was made by either party to preserve or restore it.

HELD:

1. The ruling on the motion was erroneous. (p. 798).

2. The court should have entered judgment upon the verdict. (p. 799).

Error to Circuit Court, Morgan County.

Action by George A. Sanders agains H. L. Wise and others, Judgment for plaintiff, and defendant Frank S. Wise, executor, etc., brings error.

*Reversed and judgment rendered.*

*Faulkner & Walker* and *J. Hammond Siler,* for plaintiff in error.

*Brown & Brown,* for defendant in error.

LYNCH, JUDGE:

On April 8, 1913, a verdict for defendant, returned Janu-

ary 9, 1909, was set aside and a new trial awarded, "because" (as appears from the order) "the court can not find anything in the record as to what the evidence was before the jury". Defendant having died before entry of the order, the action was revived in the name of his personal representatives; and, the term of the judge who presided at the trial having terminated, he was selected by agreement to rule upon the motion. A fair interpretation of the reason assigned by him for vacating the verdict leads to the conclusion that he was unable, after the lapse of four years, to recall the facts on which the jury based its finding.

While the administrators rely for reversal on the rule, frequently announced, that except for misdirection a verdict can not be distrubed unless manifestly erroneous, defendant in error relies on the counter proposition that the appellate court cannot disturb the finding of the lower court unless its ruling is apparently erroneous. Both propositions find ample support in our decisions. But it is not upon either of them that the decision in this case must rest, under the principles generally announced by the authorities in cases involving the loss or destruction in whole or in part of the evidence introduced on the trial of a cause. Although there is the usual diversity of views upon the question, we think the safe and better rule, and the one sustained by reason and authority when applied to the facts of this case, is that a new trial should not be awarded merely because the evidence or a material part of it has been lost or destroyed without the fault of appellant or plaintiff in error, although there is authority to the contrary—indeed it is the usual practice in some courts, under such circumstances, to grant a new trial *(Barton* v. *Burbank,* 119 La. 223; *State* v. *McCarver,* 113 Mo. 602; *State* v. *Hudkins,* 126 N. C. 1055). But *Mining Co.* v. *Smith,* 11 N. W. (Dak.) 98, holds that a motion for a new trial, upon the ground of the destruction of the record and evidence before decision and the difficulty of restoring the evidence and making a case or a bill of exceptions, was, under the circumstances, properly denied; the circumstances being that the stenographer's notes and transcript therefrom were destroyed by fire without appellant's fault, and that sufficient facilities and

time were allowed for the preparation of the case and exceptions from memoranda accessible. And in *People* v. *Strollo,* 191 N. Y. 42, the court affirmed a judgment denying a new trial, where a material part of the evidence for the accused had been destroyed without his fault subsequent to the grant of appellate process and while the record was in course of preparation; the court holding, however, that the record as prepared contained evidence fully warranting the conviction of the accused for first degree murder. In *Saxton* v. *Harrington,* 68 Neb. 446, an equitable proceeding to obtain a new trial, the court held. that the mere loss of files in a case, where no effort is made to substitute them and no order obtained for that purpose, the only diligence shown being repeated requests of the clerk for one, "will not sustain a judgment granting a new trial".

As defendant could rest contented upon the finding in his favor, the duty devolved on plaintiff, whose motion, though promptly made, the court four years later sustained, to preserve the testimony, or to show in what respects the effort, if made, would have been unavailing; and he can not now complain that plaintiffs in error have failed to produce the testimony. *Cutting* v. *Tavares Co.,* 61 Fed. 150.

Although in most of the cases cited the loss or destruction of the whole or a material part of the evidence occurred, as already stated, subsequent to the grant of appellate process, yet by analogy we think the principles announced in the cases cited sustain the contention of plaintiffs in error, and lead to the conclusion that the award of a new trial, solely on the ground assigned in the order, is error, for which we should, and do, reverse the judgment for plaintiffs in error upon the verdict returned by the jury.

*Reversed and judgment rendered.*