## No. 10,960.

### PIERPOINT, ET AL. *v.* AKIN, ET AL.

Decided January 5, 1925.   Rehearing denied February 2, 1925.

Judgment was for defendants in the trial court.

### *Affirmed.*

1. NEW TRIAL—*Inability to Procure Bill of Exceptions.* The trial court has power, if a bill of exceptions becomes impossible through no fault of the loser, to grant a new trial in the interest of substantial justice.

2. APPEAL AND ERROR—*Bill of Exceptions—New Trial.* An appellate court has no right to lay down beforehand, the exact facts upon which a new trial should be granted in case of inability of the losing party to obtain a bill of exceptions.

3.　BILL OF EXCEPTIONS—*New Trial—Inability of Shorthand Reporter to Extend Notes.* The inability of the court reporter to extend his official notes is not alone a sufficient ground for the granting of a new trial; other matters enter into the question, and a showing as to these matters is in some degree necessary.

*Error to the District Court of Larimer County, Hon. Francis E. Bouck, Judge.*

Mr. FRANK J. ANNIS, Messrs. STOW & STOVER, Mr. WILLIAM K. TILLEY, for plaintiffs in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. WILLIAM A. BRYANS, III., for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiffs in error were plaintiffs below and were defeated. Motion for new trial was dispensed with by the court and time allowed for bill of exceptions. This time was extended from time to time for nearly a year, because of the sickness of the stenographer, and then plaintiffs moved for a new trial, setting up that the court reporter had been so ill as to be unable to extend his notes and is "still unable to extend said notes and there is no prospect of his being able" to do so within one year from the date of the judgment, and that except by such extension it was impossible "to prepare any sort of a bill of exceptions which might be sufficient on which to prosecute the said writ of error." Later on an amendment to this motion alleged the grounds on which the writ of error would be prosecuted. This motion was denied and that denial is the error which is before us.

We have no doubt that the court had power, if a bill of exceptions became impossible through no fault of the loser, to grant a new trial in the interest of substantial justice. *Borrowscale v. Bosworth,* 98 Mass. 34; *People, ex rel. King v. District Court,* 76 Colo. 169, 229 Pac. 1113; *Bailey v. U. S.,* 3 Okl. Cr. 175, 104 Pac. 917, 25 L. R. A. (N. S.) 860, and notes. But a conclusion in the present case that the refusal of the new trial was error would ne-

cessitate the broad premise that whenever the reporter is unable to extend his notes a new trial must be granted. We cannot assent to that proposition.

Nor are we willing (indeed, we have no right) to lay down beforehand the exact facts on which a new trial should be granted for such a reason. There are, however, several reasons why the court was right in denying it in this case. One is that it does not appear that the reporter was too ill to read his notes to a typewriter, or a dictagraph or another stenographer, nor that any effort was made to get him to do so; neither does it appear that any attempt was made to summarize the evidence nor to procure the documentary evidence, nor are we told what the points are which were relied on to reverse the judgment that cannot be manifested by whatever bill of exceptions is procurable without an extension of the notes, and it is not stated that plaintiffs in error ever tried to get their opponents to agree on a bill. A showing of diligence in these matters in some degree is necessary. *Sanders v. Wise,* 74 W. Va. 797, 83 S. E. 77, L. R. A. 1915B, 353, and notes.

We cannot say there was error. Judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.