The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Charles Craig KILLPACK, Defendant–Appellant.

No. 87CA1206.

Colorado Court of Appeals, Div. II.

April 12, 1990.

Rehearing Denied May 10, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Douglas J. Friednash, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Jonathan S. Willett, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge SMITH.

The defendant, Charles Killpack, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree burglary, criminal attempt, and criminal mischief. He also appeals the trial court's adjudication of him as an habitual criminal. We reverse.

### I.

Defendant demands a new trial based on the incompleteness of the reporter's transcript. We agree that a new trial is required.

Defendant's theory of defense was that his intoxication precluded the formation of specific intent on his part. On rebuttal the prosecution called an expert witness to testify concerning the ability of an intoxicated person to form a specific intent. Defendant objected to his testimony and designated it as part of the record on appeal; however, no transcript could be prepared because the reporter had lost the stenographic notes relative thereto.

Defendant's motion for new trial characterizes the expert's testimony as stating, *inter alia:* "A person can no longer form intent when a person can no longer function consciously." The implication of this statement is, defendant argues, that *only* if a person is unconscious does the inability

to form a specific intent exist. He asserts that the expert's testimony either constituted an opinion on an ultimate issue of fact or was an impermissible legal interpretation. He further argues that the expert's interpretation might easily be confused by the jury with the definition of voluntary act.

The People urge us to order reconstruction of the record according to C.A.R. 10(c). We decline to do so. When testimony this crucial is in dispute and the precise language used is critical, reconstruction is not an appropriate remedy for the missing transcript.

While we agree that loss of a portion of the complete trial record does not automatically require reversal, nonetheless, when a defendant can show that the incomplete record "visits a hardship upon [the appellant] and prejudices his appeal" reversal is proper. *United States v. Valdez*, 861 F.2d 427 (5th Cir 1988); *United States v. Renton*, 700 F.2d 154 (5th Cir 1983).

Here, we cannot tell, without examining the language used and the context in which the statements were made, whether error occurred in the admission of the testimony, and if so, whether the instructions were sufficient to correct it. We therefore conclude that a new trial is required on the underlying substantive offenses.

### II.

We also reverse defendant's adjudication under § 16–13–103, C.R.S. (1986 Repl.Vol. 8A) as an habitual criminal.

After the jury returned a guilty verdict to the substantive offenses, the trial court expressed its belief that the defendant was not challenging the documentation of the prior felonies. The court then found that the documentation constituted proof beyond a reasonable doubt and that the prior guilty pleas were constitutional. Accordingly, it concluded that the defendant was an habitual criminal and sentenced him immediately to a life term in the Department of Corrections. The jury was dismissed.

The defendant argues, and we agree, that the procedures in § 16–13–103 must be

followed before the defendant can be sentenced as an habitual criminal. Section 16–13–103 states that following a guilty verdict on the substantive offense:

"(1) The court shall conduct a separate sentencing hearing to determine whether or not the defendant has suffered such previous felony convictions. As soon as practicable, the hearing shall be conducted by the trial court *before the jury impaneled to try the substantive offense charged....*"

"(2) The defendant shall be required to admit or deny that he has been previously convicted of the crimes identified in the information or indictment." (emphasis added)

This procedure was not clearly followed here, but the import of that error presents an issue for resolution because defense counsel did not object to the procedure at the time. In fact, he stated that he did not want to raise any issues because the defendant came within the purview of the statute.

We find *Moore v. People*, 707 P.2d 990 (Colo.1985) determinative. In *Moore*, the defendant testified and admitted that he had four prior felonies and the attorney agreed to the adjudication of his client as an habitual criminal. Even with the defendant's testimony, the supreme court held that any waiver of the jury trial guaranteed in habitual criminal adjudications must be a personal one made by the defendant and not by his attorney. That ruling mandates reversal here.

The judgments of conviction on the substantive offenses and the adjudication of the defendant as an habitual criminal are reversed, and the cause is remanded for a new trial.

MARQUEZ and DUBOFSKY, JJ., concur.