**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Gale Warren SATRE, Defendant–Appellant.**

**No. 95CA2147.**

Colorado Court of Appeals,
Div. I.

Oct. 23, 1997.

Rehearing Denied Dec. 11, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Ross A. Wilson, Colorado Springs, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Gale Warren Satre, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of first degree criminal trespass. He also appeals the order imposing restitution as a condition of his sentence to probation. We reverse the judgment.

Defendant was charged with one count of first degree burglary and one count of third degree assault. At trial, over defendant's objection, the trial court instructed the jury on first degree criminal trespass as a lesser-included offense of first degree burglary. Defendant was convicted of first degree criminal trespass and acquitted of both other charges. He was sentenced to three years probation and was ordered to pay $13,365 in restitution.

■ Defendant argues that, because first degree criminal trespass is not a lesser-included offense of first degree burglary, instructing the jury on first degree criminal trespass over his objection requires reversal of his conviction. We agree.

Section 18–1–408(5)(a), C.R.S.1997, defines a lesser-included offense as one "established by proof of the same or less than all the facts required to establish the commission of the offense charged." In order to determine whether one offense is included in another, we must compare the elements of the statutes involved. *Armintrout v. People,* 864 P.2d 576 (Colo.1993).

A person commits first degree burglary:

[I]f he knowingly enters or remains unlawfully in a building or occupied structure with intent to commit therein a crime, other than trespass as defined in this article, against a person or property, and if in effecting entry or while in the *building or occupied structure* or in immediate flight therefrom, he or another participant in the crime assaults or menaces any person, or he or another participant is armed with explosives or a deadly weapon.

Section 18–4–202(1), C.R.S.1997 (emphasis added).

A person commits the crime of first degree criminal trespass "if such person knowingly and unlawfully enters or remains in a *dwelling* of another...." Section 18–4–502, C.R.S.1997 (emphasis added).

Here, defendant was charged with first degree burglary in violation of § 18–4–202, C.R.S.1997. Proof that he unlawfully entered or remained in a "dwelling" is neither an element of nor a sentence enhancing provision of that offense. However, proof that defendant unlawfully entered or remained in a dwelling is an essential element of first degree criminal trespass. *See People v. Marshall,* 196 Colo. 381, 586 P.2d 41 (1978). Therefore, given this disparity, we conclude that first degree criminal trespass is not a lesser included offense of first degree burglary. *See People v. Garcia,* 920 P.2d 878 (Colo. App.1996), *rev'd on other grounds,* 940 P.2d 357 (Colo.1997)(*Garcia II* ); *see also Armintrout v. People, supra.*

Moreover, in *Armintrout v. People, supra,* 864 P.2d at 582, the supreme court held that second degree burglary "is a lesser included offense of, and therefore merged into, first degree burglary." And, in *Garcia II, supra,* it affirmed the determination of a division of this court that first degree criminal trespass is not a lesser-included offense of second degree burglary. It follows, therefore, that first degree criminal trespass is not a lesser-included offense of first degree burglary.

■ Nevertheless, under *Garcia II, supra,* a trial court may instruct a jury on a lesser

non-included offense, over the defendant's objection, if the charging document provides the defendant with notice that he might have to defend against the lesser offense. In that case, the felony complaint listed the charge as "SECOND DEGREE BURGLARY (F–3) COUNT ONE" and further alleged that Garcia "did unlawfully, feloniously and knowingly break an entrance into and enter and remain unlawfully in the *dwelling* of [the victim]." The court concluded that such statements had provided Garcia with sufficient notice that the prosecution intended to prove that the unlawful entry was of a dwelling.

■ Here, the Information listed the charge as "COUNT ONE: FIRST DEGREE BURGLARY (F–3)." It further alleged that defendant "did unlawfully, feloniously and knowingly enter and remain unlawfully in a building and occupied structure of [the victim]." Thus, in contrast to the situation in *Garcia*, neither the listing of the charge nor the wording of the information provided sufficient notice to defendant that the structure involved was a dwelling. Therefore, since defendant did not have notice that he would be required to defend against the charge of first degree criminal trespass, the trial court should not have instructed the jury on that charge over his objection.

■ We reject the People's argument that, since the burglary instruction given to the jury contained the "dwelling" element, first degree criminal trespass was a lesser-included offense of first degree burglary for purposes of this case. The determination whether one offense is a lesser-included offense of another greater offense is a legal question which involves a comparison of the statutory elements. *Armintrout v. People, supra.* Hence, we will not engage in a factual inquiry dependent on erroneous jury instructions.

Because of this disposition, we need not address defendant's other contentions.

The judgment is reversed.

HUME and ROY, JJ., concur.