The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Isaiah ESPINOZA, Defendant–Appellant.

No. 97CA1711.

Colorado Court of Appeals, Div. II.

May 27, 1999.

Rehearing Denied July 6, 1999.

Certiorari Denied Jan. 10, 2000.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Evan W. Jones, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Isaiah Espinoza, appeals the sentences imposed upon his convictions for first and second degree assault. We affirm.

Defendant and an accomplice approached two women, demanded that they surrender their purses, and threatened to shoot them if they refused. When one of the women objected, defendant fired a shot which struck her in the hip and hit the other woman in the elbow. The woman who had been shot in the elbow threw down her backpack and told defendant to take it. Defendant then aimed the gun at her and fired a second shot which struck her thigh and inflicted life-threatening injuries. At the time of this incident defendant was 14 years old.

By information directly filed in district court, defendant was charged as an adult with two counts of attempted first degree murder, aggravated robbery, first degree assault, two counts of second degree assault, and two crime of violence counts. Pursuant to a plea agreement, he pled guilty to one count of first degree assault and one count of second degree assault and all remaining charges were dismissed.

At sentencing, the trial court listened to the parties' presentations, defendant's statement of allocution, and the statements of the two witnesses. The court rejected defendant's request that he be sentenced to the Youth Offender System (YOS) and instead imposed consecutive sentences of five and ten years to the Department of Corrections (DOC). This appeal followed.

## I.

Defendant first claims that § 16–11–311(1)(b), C.R.S.1998, creates an enforceable due process right to have the trial court consider YOS sentencing. We disagree.

 In resolving questions of statutory interpretation, we must ascertain and give effect to the intent of the General Assembly. In determining that intent, we first look to the plain language of the statute. *People v. District Court*, 713 P.2d 918 (Colo.1986). We also consider the problem addressed by the legislation and the statutory remedy created to cure such problem.

Section 16–11–311(1)(b) provides that it is the "intent of the general assembly ... that

female and male offenders for whom charges have been directly filed in the district court and who have been convicted in the district court receive equitable treatment in sentencing, particularly in regard to the option of being sentenced to the youthful offender system."

■ Contrary to defendant's suggestion, this section does not impose any special obligations upon the sentencing court. Rather, by its plain language, the section simply makes clear that YOS facilities are to be available for youthful offenders of both genders. Toward that end, the section mandates "separate housing for female and male offenders." The section has nothing to do with the sentencing court's discretionary authority, set forth in § 19–2–517(3)(a), C.R.S. 1998, to sentence a juvenile convicted of a direct-filed violent crime to either the YOS or the DOC.

## II.

Defendant next claims the trial court abused its discretion by sentencing him to the DOC rather than the YOS. Again, we disagree.

■ Sentencing is by its very nature a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. *People v. Fuller,* 791 P.2d 702 (Colo.1990). Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984).

■ A defendant's past criminal and societal history, the risk of future criminal conduct, the gravity of the offense, the events surrounding the crime, the nature and extent of the victims' injuries, and the defendant's potential for rehabilitation are implicated in a sentencing decision. *People v. Madril,* 746 P.2d 1329 (Colo.1987). A court need not, however, explicitly refer to each of the factors it considered. *People v. Walker,* 724 P.2d 666 (Colo.1986).

The YOS was established in order to create "a new approach to solving the problem of violent juvenile offenders." Section 16–11–311(12), C.R.S.1998. It was specifically designed "as a sentencing option for certain youthful offenders [providing] a controlled and regimented environment that affirms dignity of self and others, promotes the value of work and self-discipline, and develops useful skills and abilities through enriched programming." Section 16–11–311(1)(a), C.R.S. 1998.

Although the General Assembly made clear that certain defendants do not qualify for sentencing to the YOS, it vested the trial courts with discretion to identify the "certain youthful offenders" who should be sentenced to the YOS. Thus, a trial court sentencing a juvenile on a direct-filed charge of a violent crime retains discretion to impose a sentence to the DOC. Section 19–2–517(3)(a), C.R.S. 1998.

■ Here, in imposing sentence, the court commented: "[W]hen you shoot two people you don't get soft treatment. You go to the Department of Corrections." Defendant asserts that this remark shows the trial court failed to exercise its discretion and simply imposed the DOC sentence pursuant to a blanket policy. However, we construe the court's remark as an explanation of its conclusion that, despite defendant's young age, in light of the extraordinary viciousness of the crimes he committed, he was not an appropriate candidate for YOS. The court's decision does not constitute an abuse of discretion, especially since the court imposed the minimum possible DOC sentences permitted by law. Sections 16–11–309, 18–3–202(1)(a), 18–3–203(1)(b), 18–1–105, C.R.S. 1998 (first degree assault is an extraordinary risk class three felony with a minimum presumptive range sentence of ten years; second degree assault is an extraordinary risk class four felony with a minimum presumptive range sentence of five years; and both offenses are crimes of violence requiring consecutive sentences when based on offenses against separate victims).

Sentences affirmed.

Judge CRISWELL and Judge PLANK concur.