The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Louis **PEOPLES**, Defendant–Appellant.

No. 98CA2486.

Colorado Court of Appeals, Div. IV.

May 11, 2000.

Rehearing Denied July 13, 2000.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Louis Peoples, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree criminal trespass and two counts of third degree assault. We affirm the assault convictions, reverse the trespass conviction, and remand the cause for a new trial on the trespass count.

Defendant was originally charged in 1995 with second degree burglary and two counts of third degree assault based on allegations that he broke into his niece's apartment and assaulted her and another woman. At trial, the jury was also instructed on first degree criminal trespass as a lesser included offense of second degree burglary.

Defendant's primary defense to the burglary and trespass charges was that he was a resident of the apartment. The jury acquitted defendant of second degree burglary but found him guilty of first degree criminal trespass and the two third degree assault charges.

The trial court subsequently vacated defendant's first degree criminal trespass conviction based on *People v. Garcia*, 920 P.2d 878 (Colo.App.1996)(*Garcia I*), which held that first degree criminal trespass is not a lesser included offense of second degree burglary. However, in *People v. Peoples*, (Colo. App. No. 96CA0773, July 24, 1997) (not selected for official publication), a division of this court reinstated defendant's trespass conviction based on *People v. Garcia*, 940 P.2d 357 (Colo.1997) (partially reversing *Garcia I* and holding that jury could be instructed on first degree criminal trespass if the charging document provided defendant with sufficient notice concerning the lesser offense). On remand, the trial court imposed a stipulated six-year sentence on the trespass conviction.

### I.

Defendant contends that his trespass conviction must be reversed because the elemental instruction did not require the jury to find

that the dwelling he unlawfully entered was that "of another." We agree.

In accordance with COLJI–Crim. 17:02 (1983), the jury in defendant's case was instructed that the elements of first degree criminal trespass are:

(1) That the Defendant,

(2) in [Denver, Colorado, on the date charged],

(3) knowingly,

(4) and unlawfully entered or remained in a dwelling.

Defense counsel objected to giving the jury any instruction on first degree criminal trespass, but did not object on the basis that the instruction omitted the requirement that the dwelling be the dwelling "of another."

The criminal trespass instruction was incomplete because it allowed the jury to find defendant guilty without finding that the dwelling he unlawfully entered or remained in was that "of another." *See* § 18–4–502, C.R.S.1999 ("[a] person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another") (emphasis added).

For many years, § 18–4–502 simply proscribed knowingly and unlawfully entering or remaining "in a dwelling." In 1993, the General Assembly amended the statute, adding the "of another" language. Colo. Sess. Laws 1993, ch. 292, § 18–4–502, at 1732. We must presume that, by this amendment, the General Assembly intended to change or clarify the meaning of the statute. *See Evinger v. Greeley Gas Co.*, 902 P.2d 941 (Colo.App. 1995).

■ Accordingly, we conclude that, under the statute as amended in 1993, it is an essential element of first degree criminal trespass that the dwelling be that "of another," and that the pattern jury instruction used here, COLJI–Crim. 17:02, is incorrect because it omits that element.

Having concluded that the instruction omitted an element of the charged offense, we must next determine whether the omission requires reversal of defendant's conviction.

In *People v. Vance*, 933 P.2d 576 (Colo. 1997), our supreme court held that the failure to instruct a jury on an essential element of a charged offense is structural error requiring automatic reversal because such an omission deprives the defendant of the right to have the jury determine guilt beyond a reasonable doubt as to every element of the offense.

In *People v. Geisendorfer*, 991 P.2d 308 (Colo.App.1999), a division of this court, relying on the United States Supreme Court's subsequent decision in *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), departed from the rule of *People v. Vance, supra*, and held that omission of an element of an offense from a jury instruction is, in certain cases, subject to a harmless or plain error analysis. Under *Geisendorfer* and *Neder*, reversal is not required if the appellate court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error. *See also Bogdanov v. People*, 941 P.2d 247, 255 (Colo.1997) ("Failure to instruct the jury properly does not constitute plain error where the subject of the error in the instruction is not contested at trial, or where evidence of the defendant's guilt is overwhelming").

■ Here, whether the apartment in question was that "of another" was a vigorously contested issue at trial. For example, defendant's niece testified that defendant was not a resident of the apartment, that he had "stayed over" on only one occasion, and that he was merely allowed to use the apartment as a place to receive mail, to shower, to change his clothes, and to eat. However, on cross-examination, she admitted that, on the night of this incident, she had signed a statement for the police indicating that defendant "had been staying" at her apartment. She also admitted that, one month before the incident, she had signed a Department of Social Services form verifying that defendant and his family "have their household within my household."

In addition, a Social Services technician responsible for determining defendant's residence for purposes of his application for pub-

lic assistance testified that defendant's niece had declared during their intake interview that defendant lived with her.

Although the omitted element was thus not "uncontested," the People assert that its omission does not require reversal because the jury was also given the following instruction:

"Unlawfully Broke an Entrance Into or Enters or Remains" means a person who breaks an entrance into or enters or remains in or upon premises when he is not licensed, invited, or otherwise privileged to do so.

We are not persuaded.

This instruction defined a phrase used, not in the criminal trespass elemental instruction, but in the second degree burglary instruction. The burglary instruction, unlike the trespass instruction, specifically required the jury to find that defendant "unlawfully broke an entrance into, or entered or remained in the dwelling of [his niece]." Moreover, the jury declined to convict defendant of second degree burglary. For these reasons, we cannot rely on this definitional instruction as a basis for presuming that the jury necessarily found the apartment in question was that "of another."

Accordingly, we conclude that omission of the "of another" element from the instruction defining first degree criminal trespass was error requiring reversal of defendant's conviction on the criminal trespass charge.

## II.

Defendant next contends that the trial court abused its discretion in denying his motion for a mistrial, and that he is therefore entitled to a new trial on all counts. We disagree.

■ A mistrial is a drastic remedy, warranted only when the prejudice to the accused is so substantial that its effect on the jury cannot be remedied by any other means. Because the trial court is in a better position to evaluate any adverse effect that improper testimony might have on a jury, it has discretion to determine whether a mistrial should be granted. Absent a gross abuse of that discretion and prejudice to the defendant, we

will not disturb a trial court's decision to grant or deny a motion for a mistrial. *People v. Johnson,* 987 P.2d 855 (Colo.App.1998).

Defendant's niece testified regarding an altercation between defendant and the other assault victim, his girlfriend, that took place earlier in the evening of the assault. During her testimony the niece twice stated that she had told defendant and his girlfriend that she was tired of their fighting and that she had "seen it all my life."

Defendant did not object to this testimony. However, when defendant's niece resumed her testimony the next morning and again recounted what she had said to defendant and his girlfriend, defense counsel asked to approach the bench. In chambers, he argued that, although the witness's first two references to prior assaults were "relatively innocuous," her testimony had become repetitive. The trial court agreed, and directed the prosecutor to move on to the events at the apartment. The prosecutor did so, and the witness did not again refer to any prior incidents between defendant and his girlfriend.

Later, the People called a case manager from the organization which had helped defendant's niece obtain housing. On cross-examination, the case manager testified that defendant's niece was not permitted to have anyone other than persons on the lease living at her apartment and that her housing would have been in jeopardy if she had indicated that someone else was living with her. The case manager also stated that defendant's niece was told that if she did not cooperate with police investigating the assault, she could be terminated from the housing program. During redirect examination, the prosecutor asked whether defendant's niece had lost her housing after the assault incident. The case manager replied: "She did not lose her housing. She needed to be and wanted to be relocated for her safety. She had some concerns."

Defendant moved for a mistrial. The trial court denied defendant's motion, finding that the testimony was not prejudicial and had been elicited in response to defense counsel's inquiry on cross-examination.

■ We do not agree with defendant that the combined effect of the reference by defendant's niece to prior assaults and the case manager's testimony rendered the denial of a mistrial an abuse of discretion. Defendant did not seek a mistrial based on the niece's testimony, and we do not view the testimony as so prejudicial that the trial court should have *sua sponte* declared a mistrial. Nor did the case manager's statement on redirect, either alone or considered in combination with the niece's earlier testimony, require the drastic remedy of a mistrial.

The judgment of conviction of two counts of third degree assault is affirmed. The judgment of conviction of first degree criminal trespass is reversed and the cause is remanded for a new trial consistent with the views expressed in this opinion.

Judge MARQUEZ and Judge ROY concur.