**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Zearn Foster RODRIGUEZ, Defendant–Appellant.**

**No. 00CA1004.**

Colorado Court of Appeals, Div. I.

Aug. 2, 2001.

As Modified on Denial of Rehearing Aug. 30, 2001.

Certiorari Denied April 8, 2002.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Roberta Earley, Colorado Springs, CO, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Zearn Foster Rodriguez, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree criminal trespass and misdemeanor criminal mischief. We remand the case for further proceedings.

### I.

Defendant first argues that his convictions must be reversed because a complete transcript of the trial proceedings is unavailable. We conclude that further proceedings are necessary.

▉ Loss of a portion of the complete trial record does not automatically require reversal. Nonetheless, reversal is required when a defendant can show that the incompleteness of the record "visits a hardship" upon him or her and prejudices the appeal. *People v. Killpack,* 793 P.2d 642, 643 (Colo.App.1990)(quoting *United States v. Renton,* 700 F.2d 154, 157 (5th Cir.1983)).

The jury trial in this case lasted three days. However, only the proceedings of the second day were transcribed. This omission first came to light when defendant designated a complete record for this appeal and the court reporter who was responsible for transcribing the proceedings on the first and third days of the trial submitted an unverified "affidavit" stating, in relevant part:

> I was the court reporter for the proceedings held on [the first and third days of defendant's trial] as indicated in the designation of record.

> At that time, I was uncertified and a new substitute reporter.... I have been trying to piece together this transcript for over a month now and have decided that I cannot produce it. It would be half fact and half fiction.

> I understand the levity [sic] of this decision, and I am prepared to testify....

▉ On appeal, defendant states that, if a complete transcript were available, "a review of the entire record would exonerate [defendant] of a felony conviction." We construe this statement to be an assertion that defendant would have challenged the sufficiency of the evidence supporting his conviction if a full transcript had been available. We conclude that defendant's assertion is an adequate articulation of prejudice resulting from the lack of a complete transcript.

Notwithstanding defendant's assertion of prejudice, the People argue that he is not entitled to relief because he did not avail himself of the procedures for reconstruction of a record outlined in C.A.R. 10. In response, defendant contends that any attempt to reconstruct the record in this case would be futile because of the passage of time and the large amount of testimony that evidently was not transcribed.

▉ A defendant usually would not be entitled to automatic reversal of a judgment if he or she failed to follow the provisions of C.A.R. 10. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996)(refusing to address an assertion of error regarding jury selection procedures because the jurors' questionnaires were missing and the defendant failed

to follow C.A.R. 10); *People v. Velarde,* 200 Colo. 374, 616 P.2d 104 (1980)(argument of impropriety in jury selection proceedings not reviewable where defendant waived reporting of *voir dire* and failed to follow C.A.R. 10 procedures for reconstructing a record); *People v. Conley,* 804 P.2d 240 (Colo.App.1990)(appellate court would not review defendant's allegation that the trial court had erred by refusing to record bench conferences where defendant ignored C.A.R. 10). However, reconstruction may not be a sufficient remedy in a case where the evidence not transcribed was trial testimony and the "precise language used is critical." *People v. Killpack, supra,* 793 P.2d at 643.

■ As an appellate court, we are not able to ascertain the extent of the loss in this case because the statement of the court reporter is not entirely clear. Accordingly, we conclude that the appropriate remedy is to remand the case to the trial court for a determination whether it is possible to reconstruct a record that will adequately protect defendant's right to appellate review of his conviction. If that is possible, then the appeal shall be recertified to this court when the record has been reconstructed. If that is not possible, then the judgment shall stand reversed, and defendant shall be entitled to a new trial.

## II.

■ Because resolution of this issue is not dependent on a reconstruction of the record and may arise in the event of a retrial, we address it now. Defendant contends that the count of the information alleging first degree criminal trespass was substantively defective. We disagree.

A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another or if such person enters any motor vehicle with intent to commit a crime therein.

Section 18-4-502, C.R.S.2000.

The information in this case alleged that defendant "did unlawfully, feloniously, and knowingly enter and remain in the dwelling of [the victim]."

Defendant argues that this count of the information was deficient because it failed to allege that he committed the trespass "with intent to commit a crime therein." According to defendant, such an intent is an element of criminal trespass of a dwelling under § 18-4-502. Defendant maintains that such a construction of the section is required by § 2-4-214, C.R.S.2000:

Use of relative and qualifying words and phrases. The general assembly hereby finds and declares that the rule of statutory construction expressed in the Colorado supreme court decision entitled *People v. McPherson,* 200 Colo. 429, 619 P.2d 38 (1980), which holds that "... relative and qualifying words and phrases, where no contrary intention appears, are construed to refer solely to the last antecedent with which they are closely connected ..." has not been adopted by the general assembly and does not create any presumption of statutory intent.

We conclude that § 2-4-214 is not applicable here because § 18-4-502 is comprised of two entirely independent clauses with meanings that are apparent from the plain language used. *See People v. Espinoza,* 990 P.2d 1117 (Colo.App.1999)(in resolving questions of statutory interpretation, appellate court must ascertain and give effect to the intent of the General Assembly by first looking to the plain language of the statute). Thus, we conclude that the "intent to commit a crime therein" language establishes an element of criminal trespass of a motor vehicle and not an element of criminal trespass of a dwelling.

Our reading of § 18-4-502 is consistent with prior decisions. *See People v. Garcia,* 940 P.2d 357, 359 (Colo.1997)(comparing the elements of first degree criminal trespass to those of second degree burglary and observing that § 18-4-502 "provides in relevant part: 'First degree criminal trespass. A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a *dwelling* of another ....' " (emphasis and ellipsis in original)); *People v. Johnson,* 906 P.2d 122, 124 (Colo.1995)("In Colorado, first degree criminal trespass is an unlawful entry

into the dwelling of another."); *People v. Peoples,* 8 P.3d 577 (Colo.App.2000)(same); *People v. Satre,* 950 P.2d 667 (Colo.App. 1997)(same); *People v. Allen,* 944 P.2d 541 (Colo.App.1996)(same, under pre–1993 version of the statute, which did not include the requirement that the dwelling be that "of another").

In addition, our reading of § 18–4–502 gives the provision a meaning that is consistent with the remainder of the legislative scheme establishing lesser degrees of criminal trespass. *See People v. Rea,* 7 P.3d 995 (Colo.App.1999)(in interpreting a comprehensive legislative scheme, we must give meaning to all of its parts and construe the statutory provisions to further the legislative intent). The statutes defining those lesser offenses state that a person commits such trespasses "if such person unlawfully enters or remains in or upon" enclosed premises, common areas, or unenclosed premises. Significantly, neither of the statutes establishing lesser degrees of criminal trespass relating to nonvehicular trespasses contains as an element the "intent to commit a crime therein." *See* § 18–4–503, C.R.S.2000 (second degree criminal trespass); § 18–4–504, C.R.S.2000 (third degree criminal trespass).

Moreover, our reading of § 18–4–502 is supported by the legislative history. *See People v. Williams,* 984 P.2d 56, 62 n. 7 (Colo.1999)(reviewing the legislative history of the 1992 amendment to § 18–4–502 that added the phrase "with intent to commit a crime therein" and concluding that the language was intended to address the increased crime concerns faced by individuals who drive or who are passengers in automobiles).

Accordingly, we conclude the count of the information charging first degree criminal trespass is not defective. For the same reasons, we reject defendant's assertion of error directed at the jury instruction defining the offense of first degree criminal trespass.

### III.

Defendant asserts the trial court erred by revoking his bond before sentencing. This assertion is not reviewable on direct appeal.

After the jury returned its verdicts finding defendant guilty, the trial court revoked his bond and remanded him into custody. Approximately two months later, the court sentenced defendant to probation and ordered that he be immediately released from custody.

Section 16-4-201(1), C.R.S. 2000 provides that, after a defendant is convicted, the trial court, in its discretion, may continue the bond given for pretrial release. Section 16-4-204(1), C.R.S. 2000 provides that, after a trial court enters an order pursuant to § 16-4-201, "the defendant or the state may seek review of said order by filing a petition for review in the appellate court." That section further provides that "*the petition shall be the exclusive method of appellate review*". Section 16-4-204(1) (emphasis added).

Accordingly, we will not address the merits of defendant's assertion.

The case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge DAVIDSON and Judge ROY concur.