**Karina KNOLL, Plaintiff–Appellant,**

v.

**ALLSTATE FIRE AND CASUALTY INSURANCE, Defendant–Appellee.**

No. 08CA0021.

Colorado Court of Appeals, Div. VII.

July 23, 2009.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

Darrell S. Elliott, P.C., Darrell S. Elliott, Jerold Hart, Denver, Colorado, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Denver, Colorado; Hanson & Associates, Kurt C. Temple, Englewood, Colorado, for Defendant–Appellee.

RUSSEL, Judge.

A recording device has failed, depriving us of a trial transcript. Should we order a new trial and have the parties start over? No, we should not. A new trial is warranted only if

the appellant satisfies a three-part test, and that did not happen here.

## I. Nature of the Case

Karina Knoll appeals the trial court's judgment in favor of Allstate Fire and Casualty Insurance.

Knoll sued Allstate to collect uninsured motorist benefits for damages allegedly incurred in a hit-and-run accident. The parties tried the case to the court. Instead of hiring their own court reporter (which is permitted, but not required), the parties relied on the court's digital recorder.

After hearing the evidence, the court found that Knoll had "failed to sustain her burden of proof on the issues of liability and damages." It then entered judgment in favor of Allstate.

After filing her notice of appeal, Knoll learned that the digital recorder had failed. She notified this court that it would be impossible to obtain a trial transcript. A judge of this court remanded the case to the trial court "for the limited purpose of settling or correcting the record pursuant to C.A.R. 10(c) and (e)."

On remand, and at Knoll's request, the trial court set the matter for a hearing. Counsel for both sides appeared and discussed their recollections of events. The court then certified the transcript of the hearing as an accurate reconstruction of at least part of the trial.

Knoll now asserts that the reconstructed record is inaccurate and insufficient. She argues that it is impossible to reconstruct the record and thus requests a new trial.

We reject her request and affirm the judgment.

## II. Applicable Law

■ It is the appellant's job to ensure that the reviewing court has an adequate record. *Till v. People,* 196 Colo. 126, 127, 581 P.2d 299, 299 (1978). Therefore, when a complete transcript is unavailable, the appellant must obtain an adequate substitute. *See Halliburton v. Pub. Serv. Co.,* 804 P.2d 213, 217 (Colo.App.1990) (in the absence of a transcript of part of the proceeding, "the party prosecuting an appeal remains obligated to take all steps necessary under the appellate rules to obtain the necessary record for review").

C.A.R. 10 governs the process of reconstructing a record. It requires the appellant to begin with a written statement:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.

C.A.R. 10(c).

■ Sometimes, despite their best efforts, the parties and the trial court cannot reconstruct the record. When that happens in a criminal case, the court may award a new trial to protect the defendant's due process right to a meaningful appeal. *See People v. Rodriguez,* 914 P.2d 230, 301 (Colo. 1996) (stating standard for relief); *People v. Killpack,* 793 P.2d 642, 643 (Colo.App.1990) (awarding relief). In a civil case, upon a proper showing, a court may award the same relief "in the interest of substantial justice." *Pierpoint v. Akin,* 76 Colo. 478, 479, 232 P. 682, 682 (1925).

■ What must a civil appellant do to obtain a new trial as relief for an inadequate record? Colorado's appellate courts have never answered this question completely. But a federal appellate court has stated that the appellant must do three things:

> [A]n appellant seeking a new trial because of a missing or incomplete transcript must 1) make a specific allegation of error; 2) show that the defect in the record materially affects the ability of the appeals court to review the alleged error; and 3) show that a Rule 10(c) proceeding has failed or

would fail to produce an adequate substitute for the evidence. We believe these factors would be presented only in rare circumstances.

*Bergerco, U.S.A. v. Shipping Corp. of India,* 896 F.2d 1210, 1217 (9th Cir.1990).

This three-part test has been applied by appellate courts in other states. *See Pickett v. Pickett,* 792 So.2d 1124, 1126 (Ala.Civ.App. 2001); *Bradley v. Hazard Tech. Co.,* 340 Md. 202, 665 A.2d 1050, 1056 (1995). It is generally consistent with the approach taken by Colorado's appellate courts in criminal cases. *See Rodriguez,* 914 P.2d at 301 ("[T]o obtain relief on a due process claim arising from an incomplete record, a defendant must *always* demonstrate specific prejudice resulting from the state of that record."); *People v. Jackson,* 98 P.3d 940, 943 (Colo.App.2004) (reversal is unnecessary if the appellate court may review the defendant's arguments, even though a portion of the transcript is missing); *People v. Conley,* 804 P.2d 240, 243 (Colo. App.1990) ("Just as an appellant will not be permitted to take advantage of his own failure to designate the pertinent portions of the transcript ... so will he not be entitled to automatic reversal of a judgment if he fails to follow the provisions of C.A.R. 10."). And, more important, it is consistent with the approach taken by Colorado's appellate courts in civil cases. *See Pierpoint,* 76 Colo. at 480, 232 P. at 682 (new trial was properly denied because, among other things, appellant did not try to "summarize the evidence nor to procure the documentary evidence" and failed to identify the issues that "were relied on to reverse the judgment"); *In re Marriage of McSoud,* 131 P.3d 1208, 1211 (Colo.App.2006) ("[I]f a party fails to attempt to reconstruct the record as required by C.A.R. 10(c) and (e), that party may not thereafter complain that the record is inadequate."); *Halliburton,* 804 P.2d at 218 (similar).

Because the three-part test is workable and complete, and because it is consistent with Colorado precedent, we apply it here.

## III. Application

Under all prongs of the test, Knoll fails to show that she is entitled to a new trial.

### A. Specific Allegation of Error

■ As her primary argument, Knoll asserts that she is now precluded from raising "any and all" issues for appellate review. This assertion fails under the first prong of the test. We cannot simply assume that the missing transcript would demonstrate reversible error. *See Pierpoint,* 76 Colo. at 480, 232 P. at 682; *cf. United States v. Kelly,* 535 F.3d 1229, 1242 (10th Cir.2008) (the defendant's "expression of amorphous concerns regarding possible gaps in the appellate record" did not show specific prejudice where he did not offer "even a clue regarding the nature of any errors that might be disclosed in the purported gaps in the record").

### B. Defect Materially Affecting Review

In addition to her primary argument, Knoll suggests—and it is a mere suggestion—that the trial court erred in these ways:

1. The court considered the opinion of an expert who had been influenced by information obtained in violation of section 13–21–301(1)(c), C.R.S.2008.

2. The court admitted certain documents that were not disclosed in the expert's report.

3. The court allowed Allstate to impeach one of Knoll's witnesses with hearsay statements contained in a newspaper article.

■ Assuming that Knoll's suggestions amount to specific allegations, we conclude that they fail under the second prong. Knoll has not shown that the missing transcript bars review of the alleged errors:

1. At the reconstruction hearing, the court found that Allstate's expert had been required to confine his testimony to the matters contained in his written report. The court instructed Knoll to include the report in the record on appeal. Had Knoll done so, we could have determined whether the expert's opinion was based on inappropriate evidence. But Knoll did not provide the report. We therefore are precluded from reviewing the issue, not because we lack a trial transcript, but because

we lack the expert's report. In the absence of a necessary document, we will presume that the trial court ruled correctly. *See Till*, 196 Colo. at 127, 581 P.2d at 299.

2. Knoll's second allegation fails for the same reason. We could review this issue if we had both the expert's report and the documents admitted at trial. Because Knoll failed to provide these documents, we presume that the court ruled correctly. *Id.*

3. We can resolve the third claim on the existing record. At the reconstruction hearing, the court found that the newspaper article had been used to impeach a witness who testified about the amount of damages. Because the trial court found Knoll had failed to establish liability, the asserted error is harmless. *See Locke v. Vanderark*, 843 P.2d 27, 31 (Colo.App.1992) (even if the court erred in restricting testimony about the plaintiff's damages, the error was harmless because the jury found in defendant's favor on the issue of liability).

### C. Futility of Reconstruction

In any event, Knoll has failed to show that a proper reconstruction effort under C.A.R. 10 failed, or would fail, to produce an adequate record.

On remand, Knoll did not follow the procedures set forth in C.A.R. 10(c): she did not prepare a statement of the evidence or proceedings, did not serve any statement on Allstate, and did not submit any statement to the trial court for settlement and approval. Instead, she set a hearing without informing the court of its nature. (The court was initially under the impression that it had convened the hearing to clarify its ruling on the merits.)

Knoll did not attempt to submit a statement based on her memory, the memory and notes of trial counsel, or the memory and notes of counsel's associate. And though the court instructed Knoll to include certain documents in the record, she failed to do so.

Because Knoll failed to comply with the requirements of C.A.R. 10(c), we cannot determine whether a proper proceeding could produce an adequate substitute for the missing transcript. *See McSoud*, 131 P.3d at 1211; *Halliburton*, 804 P.2d at 218.

The judgment is affirmed.

Judge J. JONES and Judge CONNELLY concur.