**No. 26409**

**The People of the State of Colorado v. Clarence Arnold**

(544 P.2d 968)

Decided January 19, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, Janet Lee Miller, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

This Crim. P. 35(b) appeal is without merit. Again, a providency hearing is in issue.

The defendant, Clarence Arnold, entered a plea of guilty on December 12, 1960, to a charge of simple robbery. C.R.S. 1953, 40-5-1. He was represented by counsel and a full probation report was made. Thereafter, the defendant was sentenced to the penitentiary and was released. Since that time, he has been convicted of at least three other felonies and now seeks to change his plea or to expunge the conviction which occurred nearly fifteen years ago. He contends that the requirements contained in Crim. P. 11 and the warning detailed in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were not met when he entered his plea to simple robbery. We have declared on numerous occasions that *Boykin v. Alabama, supra,* is not retroactive. Furthermore, Crim. P. 11 was not in effect when the defendant originally entered his plea. *People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974); *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970).

The standards for conducting a providency hearing at the time the plea was entered were contained in C.R.S. 1953, 39-7-8. Basically, the statute which was then in effect governing providency hearings required only that the accused be advised of the consequences of his plea and the crime with which he was charged. The defendant in this case received the requisite advice and was given a copy of the information, waived the reading of the information, and acknowledged guilt in a statement to the probation department. He now seeks hindsight relief in a Crim. P. 35(b) proceeding.

No claim is made that the defendant is innocent or that any meritorious defense exists to the crime in issue. Stale claims are not favored, and relief will not be granted to correct an ancient procedural error. *People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974). The defendant is guilty of laches and is not entitled to post-conviction relief. *See People v. Bucci,* 184 Colo. 367, 520 P.2d 580 (1974). *See also Ward v. People,*

172 Colo. 244, 472 P.2d 673 (1970), where the facts parallel those in the instant case.

Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY, and MR. JUSTICE LEE concur.