**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Louis BRAVO, Defendant-Appellant.**

**No. 83CA0189.**

Colorado Court of Appeals,
Div. I.

June 28, 1984.

Rehearing Denied July 19, 1984.

Certiorari Denied Nov. 19, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals from an order denying his request for post-conviction relief on a 1955 conviction for robbery. He argues that because there is no transcript of his jury trial, his right to appeal has been denied. We affirm.

In June 1981, defendant filed a motion for a transcript of his 1955 trial. He alleged that the trial court in 1955 lacked jurisdiction, that the evidence was insufficient, that character evidence was improperly admitted, and that the instructions were erroneous.

At a hearing on his motion, defendant testified that at the time of his robbery conviction, neither his lawyer nor the trial judge informed him of his right to appeal. Although defendant had already served his sentence, he desired to appeal because the conviction was allegedly hindering his chances for commutation of his current sentence.

The trial court granted the motion for a transcript, but because the reporter had died and no notes were found, it was impossible to produce a transcript. Consequently, in June 1982, defendant filed a motion denominated as a motion for a new trial. He alleged that the unavailability of a transcript precluded a meaningful appeal. Therefore, defendant asserted that he should be given a new trial.

Citing *People v. Allen*, 182 Colo. 395, 513 P.2d 1060 (1973), the trial court ruled that it lacked jurisdiction to permit an untimely appeal. It further ruled that the unavailability of a transcript did not justify a new trial because of defendant's excessive delay in seeking relief.

Defendant contends that the trial court erroneously applied the doctrine of laches to bar his request for a new trial. He argues that the unavailability of the transcript was not his fault because he was never informed of his right to appeal.

■ The parties agree that defendant's "motion for a new trial" is properly viewed as a Crim.P. 35(c) motion for post-conviction relief. Consequently, equitable principles govern determination of the motion. *People v. Trujillo*, 190 Colo. 497, 549 P.2d 1312 (1976).

■ Laches is an equitable doctrine which may be applied to deny relief to a party whose "unconscionable delay in enforcing his rights has prejudiced the party against whom the claim is asserted." *Colorado Ground Water Commission v. Dreiling*, 198 Colo. 560, 606 P.2d 836 (1979). The doctrine may be invoked to bar relief under Crim.P. 35(c). *See People v. Arnold*, 190 Colo. 193, 544 P.2d 968 (1976).

We hold that, even if defendant was not made aware of his right to appeal in 1955, the record supports the trial court's application of laches as to three of the issues raised by defendant. Defendant's counsel conceded in argument to the trial court that, as early as 1959, defendant in another case had said, "Although the jury found me guilty of this robbery, I am not guilty and I intend to appeal this case." It is also un-

disputed that defendant had other encounters with the appellate process. *See People v. Bravo*, 630 P.2d 612 (Colo.1981); and *Bravo v. People*, 171 Colo. 418, 467 P.2d 814 (1970) (arising out of a 1966 forgery case).

Since he had an awareness of the appellate process, we hold as a matter of law that it was unconscionable for defendant to wait until 1981 to take steps to remedy errors which allegedly occurred in 1955.

In reaching this result, we are not unmindful that IV *ABA Standards for Criminal Justice*, Standard 22–2.4(c) (2d ed.1982) measures the timeliness of a claim in terms of the defendant's ability to show "present need" for the relief. *See People v. Muniz*, 667 P.2d 1377 (Colo.1983). Nevertheless, although we concede that defendant may have shown a "present need" in this case, we hold that the equitable doctrine of laches constitutes an independent basis for denying relief, *People v. Arnold, supra*, and the record supports the trial court's finding of laches as to defendant's allegations of insufficiency of the evidence, improper admission of character evidence, and erroneous instructions.

There may be some question as to whether the doctrine of laches, when otherwise applicable, will preclude inquiry into the issue of jurisdiction. We need not decide this legal question now, however, because the facts do not support defendant's contention.

Defendant argues that the district court in 1955 did not have jurisdiction to try him for the 1955 robbery because of his age at the time of the commission of the offense. However, the record before us shows that defendant was eighteen at the time of the offense. In 1955, although the juvenile court had exclusive jurisdiction over those children under the age of eighteen, *see* §§ 22–8–1 and 22–8–2, C.R.S. (1953), the juvenile and the district courts had coordinate jurisdiction over those children between the ages of eighteen and twenty-one such as defendant. § 37–9–2,

C.R.S. (1953). Therefore, we hold, as a matter of law, that the district court in 1955 properly exercised jurisdiction over defendant when it tried him for the robbery offense.

Judgment affirmed.

VAN CISE and BABCOCK, JJ., concur.