The CITY AND COUNTY OF DENVER, Plaintiff-Appellee,

v.

Keith RHINEHART, Defendant-Appellant.

No. 85CA0189.

Colorado Court of Appeals, Div. I.

March 19, 1987.

Rehearing Denied May 18, 1987.

Certiorari Denied (Rhinehart) Sept. 8, 1987.

Stephen H. Kaplan, City Atty., and Mark R. Muller, Asst. City Atty., Denver, for plaintiff-appellee.

Edward L. Kirkwood, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, Keith Rhinehart, appeals the order of the Denver Superior Court denying his motion to vacate his previous convictions of municipal ordinance violations. We affirm.

In 1954, after trial in the Denver Municipal Court, defendant was convicted of violating three Denver municipal ordinances that prohibited: (1) perpetrating a fraudulent scheme, trick, or device; (2) obtaining funds through false pretenses; and (3) engaging in fortune telling, palmistry, or clairvoyance. He appealed to the Denver Superior Court, was tried *de novo* by a jury, and was again convicted of all three charges. He appealed the judgments of conviction to the Colorado Supreme Court which affirmed without written opinion. *Rhinehart v. City & County of Denver*, 133 Colo. 137, 292 P.2d 345 (1956). The defendant paid his $300 fine, served his 180–day jail sentence, and thereafter left Colorado.

In 1984, he filed a motion with the Superior Court, grounded upon the provisions of Crim.P. 35, seeking a vacation of those convictions and a new trial upon the charges. He claimed that his 1954 trial resulted in the various constitutional deprivations outlined in *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614 (1958). His motion asserted that he had a present need for such relief, because the convictions had been "injurious to him in his professional career" and had otherwise caused him irreparable injury.

At the hearing upon his motion, defendant drew attention to certain of the procedures followed during the course of his trial, including utilization of the "preponderance of the evidence," rather than the "beyond a reasonable doubt," standard for the City's burden of proof. In addition, he testified that he was a minister of the Aquarian Foundation and that his convictions had been a "continuous source of harassment" for himself and members of his congregation by people who knew of those convictions. Neither in the trial court nor here, however, has defendant pointed to any *legal* sanction, restriction, or disadvantage which he has suffered, or which he might suffer, as a result of those convictions.

The trial court, relying on C.R.C.P. 60(b) and its reference to "excusable neglect," noted that defendant's evidence had established only that his convictions had been a continual source of embarrassment to him, and it ruled that such evidence failed to justify defendant's delay in seeking relief. It denied defendant's Crim.P. 35 motion.

Thereafter, defendant filed a motion for reconsideration, accompanied by his affidavit. This motion placed reliance upon the provisions of § 16–5–402, C.P.S. (1986 Repl. Vol. 8A), which allows a collateral attack upon a conviction of a criminal statute beyond the time period otherwise established for such actions, where the failure to seek such relief is the result of justifiable excuse or excusable neglect. His affidavit explained that he had consulted with a number of attorneys over the years and, until shortly before he filed his motion, he had consistently been advised that he could not successfully seek to have his convictions vacated. The trial court denied that motion.

In this court, defendant contends that the trial court erred in denying this motion for reconsideration. Thus, he seeks an order from this court directing the Superior Court to re-open the hearing, so that he might make a "full record" as to the reasons for his delay in seeking the relief he sought from that court. However, we conclude that, in any event, defendant's evidence failed to establish a sufficient present need for the vacation of his convictions; consequently, we decline to enter such an order.

At all stages in these proceedings, both in the trial court and here, the parties have assumed that there is some postconviction relief, other than that which might be obtained by means of a direct appeal, which is available to a person who has been convicted of a municipal ordinance violation. Without deciding that question, we shall make the same assumption. Further, we shall also assume, purely arguendo, that the procedure for obtaining such relief is governed by the provisions of Crim.P. 35(c). *But see* Crim.P. 54(a).

■ The test for determining whether a person, who has completed his sentence, may obtain postconviction relief is set forth in IV ABA, *Standards for Criminal Justice*, Standard 22–2.4(c) (2d ed. 1980). *People v. Muniz*, 667 P.2d 1377 (Colo.1983). That Standard provides that:

"(c) Where an applicant has completed service of a challenged sentence and belatedly seeks postconviction relief, he or she can be charged with the burden of showing present need for such relief. A sufficient showing of present need is made where:

(i) an applicant is facing prosecution or has been convicted and the challenged conviction or sentence may be, or has been, a factor in sentencing for the current offense;

(ii) an applicant may be disadvantaged in obtaining parole under a later sentence; or

(iii) an applicant is under a civil disability resulting from the challenged conviction and preventing the applicant from a desired and otherwise feasible action or activity."

■ Defendant's evidence makes it apparent that his situation does not fall into any of the three categories described in this Standard.

Moreover, even if we were to assume that circumstances other than those described in the Standard would suffice to

show a present need for relief, we are unaware of any situation in which a present need for relief was found, unless some legal sanction, restriction, or disadvantage had resulted, or could have resulted, from the conviction. *See People v. Muniz, supra* (conviction being considered for sentence enhancement purpose in subsequent case); *People v. Salvador,* 189 Colo. 181, 539 P.2d 1273 (Colo.1975) (defendant on parole for challenged conviction); *People v. Bravo,* 692 P.2d 325 (Colo. App.1984) (conviction hindering commutation of sentence under subsequent conviction); *People v. West,* 42 Colo.App. 217, 592 P.2d 22 (1979) (Texas statute required conviction to be considered in determining parole eligibility).

In the most recent case decided by this court, *People v. Moland,* 721 P.2d 1214 (Colo.App.1986) (cert. granted July 7, 1986), we initially grounded a determination that a present need might exist to set aside a conviction because of the pendency of a habitual criminal count based upon the challenged conviction; however, when that count was later dismissed, we dismissed the defendant's appeal from a denial of his Crim.P. 35(c) motion on the grounds of mootness.

■ While we are not prepared to delineate the precise extent of the concept of present need, we do conclude that something more than mere harassment by others is required to set aside 30–year-old convictions for the violation of municipal ordinances.

The order of the trial court is affirmed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

In my opinion the majority misperceives the nature and function of post-conviction remedies for constitutionally defective convictions. *See* Crim.P. 35(c); ABA, *Standards for Criminal Justice,* Standard § 22–1.1, et seq. (2d ed. 1980); and L. Yackle, *Postconviction Remedies* (1981). Whether an individual is eligible for post-

conviction relief is a question of substantive criminal law. Part of that substantive law is found in the U.S. Constitution. The remainder is determined by state constitutional law, by statute, by rules of court, or by common-law principles. Whether an individual, otherwise eligible for postconviction relief may be denied a remedy, is generally an equitable question.

Rhinehart alleges several of his due process rights were violated during the municipal ordinance prosecution. I address only one: his right to have Denver prove the charges beyond a reasonable doubt. He submitted a jury instruction on proof beyond a reasonable doubt, but it was rejected by the trial court. Instead, the jury was instructed that the burden of proof was by a preponderance of the the evidence. Although, on appeal, his conviction was affirmed without written opinion, *see Rhinehart v. City & County of Denver,* 133 Colo. 137, 292 P.2d 345 (1956), the briefs filed in that appeal show that this issue was properly presented for review.

Crim.P. 35(c)(2) provides that every person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds contained therein. Relief under Crim.P. 35(c) is in fact an equitable concept. *People v. Turman,* 659 P.2d 1368 (Colo.1983). Although Rhinehart may not be entitled to a *per se* right to postconviction relief based on "legal need" as outlined in IV ABA, *Standards for Criminal Justice* Standard 22–2.4(c) (2d ed. 1980) (Histories & Commentaries), he nevertheless is entitled to a determination of whether, under all of the attendant circumstances, this patently void judgment should be set aside. *Cf. United States v. Cariola,* 323 F.2d 180 (3rd Cir. 1963).

Here, Denver concedes that Rhinehart's trials did not comport with the due process requirements specified in decisions beginning with *Canon City v. Merris,* 137 Colo. 169, 323 P.2d 614 (1958). However, it argues that *Merris* is not retroactively applicable, and therefore, his attack on his convictions are not within § 16–5–402(3),

C.R.S. (1986 Repl.Vol. 8A). I disagree. *See Williams v. United States*, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971); *People v. Curtis*, 681 P.2d 504 (Colo.1984).

In *People v. Germany*, 674 P.2d 345 (Colo.1983), the court noted the right in a criminal proceeding to have the prosecution establish guilt by proof beyond a reasonable doubt as an example of a "newly" announced constitutional rule that had been applied retroactively, citing *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), applied retroactively in *Ivan v. City of New York*, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972). Both *In re Winship* and *Ivan* were proceedings in juvenile matters treated as civil in the forum states. In effect, these cases treat the judgments of conviction as *void* in that the court was without jurisdiction to render a criminal judgment in a civil-type procedure.

In *Canon City v. Merris, supra,* it was held that when sanctions imposed for the violation of a municipal ordinance are penal in nature the defendant is entitled to all the state and federal rights accorded one in a criminal procedure. There is no dispute that the penalties imposed upon the defendant in this case were penal. Therefore, the question necessarily arises whether defendant is entitled to relief pursuant to § 18–1–410, C.R.S. (1986 Repl.Vol. 8B); § 16–5–402(3); Crim.P. 35(c).

A careful reading of defendant's collateral attack on his conviction shows that it is within § 16–5–402(3), which provides:

"If the judgment of conviction to which any collateral attack is directed was sustained upon review by a court of appellate jurisdiction in the state where the judgment was entered, no collateral attack on such judgment shall be permitted whether commenced within or outside the time limitations set forth in subsection (1) of this section, *unless said collateral attack is based upon an opinion of the court of last resort subsequently announced in the state where the judgment was entered, which opinion is given retroactive effect in a manner invalidating the conviction."* (emphasis supplied)

Since, as noted above, the conviction at issue was affirmed on appeal to our supreme court, and *Canon City v. Merris, supra,* was announced after the conviction, this subsection of the statute is applicable. By its plain language, there is no statutory time limitation on a subsection (3) attack. Instead, the subsection bars all collateral attacks of affirmed convictions unless certain criteria are met: collateral attack must be based on an opinion of the court of last resort; that opinion must have been announced after the judgment of conviction was entered; and the announced opinion must be retroactively applicable in a manner invalidating the conviction. The conviction at issue here meets the above criteria.

The major purpose of the constitutional standard of proof beyond a reasonable doubt is to overcome an aspect of a criminal trial that substantially impairs the truth-finding function and is to be given complete retroactive effect. *Ivan v. City of New York, supra* (applying retroactively the rule of *In re Winship* ). Therefore, the rule of *Merris* falls within the ambit of those entitled to full retroactive application.

Defendant, because of confusion between counsel and the trial court, did fail to present evidence at an initial hearing. However, in seeking reconsideration, defendant submitted an affidavit outlining diligent, extensive, continuous, and expensive efforts to obtain legal assistance to challenge the conviction. Further, defendant has alleged that the convictions have led to many acts of violence against himself and his church, including a fire bombing and a bloody assault on a 78-year-old member of the church, on its door step. Thus, in my view, the trial court's refusal to consider this matter was an abuse of discretion. *See* L. Yackle, *supra.*

Further, I find there is no justification in denying defendant the right granted him by Crim.P. 35(c)(2) because of any alleged prejudice to the People. The reasons for this conclusion are as follows: 1) defendant did seek relief by timely appeal, 2) defendant has served the sentence imposed upon him and the People have no need or inter-

est in further prosecution, 3) the original conviction was in essence a *void conviction* because the trial court was without jurisdiction to impose a criminal sanction in a civil proceeding, 4) defendant expended continuous time and money seeking legal assistance to attack the conviction, and finally 5) the fundamental fairness of our legal system is best served by removal of such convictions from a defendant's record. *See* L. Yackle, *supra;* IV ABA, *Standards for Criminal Justice* Standards 22–2.1 and 22–2.4 (2d ed. 1980) (Histories & Commentaries).

Therefore, the order of the superior court should be reversed and the cause should be remanded for rehearing, by an appropriate court pursuant to § 13–7–112(2), C.R.S. (1986 Cum.Supp.).