The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gary CHRISSINGER, Defendant–Appellant.

No. 86CA0992.

Colorado Court of Appeals, Div. I.

Oct. 22, 1987.

Rehearing Denied Nov. 25, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Judy Fried, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant appeals from the judgment of conviction and sentence entered on a jury verdict finding him guilty of two counts of second degree forgery in connection with the execution of two checks on the bank account of another. We affirm his conviction, and remand for resentencing.

I.

Defendant contends that the evidence was insufficient to sustain his convictions. We disagree.

The checks in this case were written to pay for parts and installation of a car radiator and motor. At trial, defendant testified that he had never been at the auto parts store where the two false checks were passed. However, two eyewitnesses identified defendant as the person who wrote the checks, signing a name which later proved to be that of another person. The person whose name defendant signed testified that he had not written the checks, and that he had, in fact, closed the account on which the checks were drawn when the account checkbook was lost nearly a month before the checks were passed.

This testimony, along with other circumstantial evidence surrounding the transaction, was sufficient to sustain a conclusion by a reasonable person that, beyond a reasonable doubt, defendant had passed the checks in question, and that he had done so with knowledge that they were false and with the intent to defraud. *See* § 18–5–103(1)(a), C.R.S. (1986 Repl. Vol. 8B); *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

II.

Defendant also asserts that his sentence is illegal because imposition of a mandatory term of parole in addition to his community corrections sentence violated § 18–1–105(1)(a)(II), C.R.S. (1986 Repl. Vol. 8B). The People confess error, and we agree.

Section 18–1–105(1)(a)(II), C.R.S. (1986 Repl. Vol. 8B) does not authorize imposition of parole as part of a sentence for offenses committed on or after July 1, 1984, and before July 1, 1985. *Qureshi v. District Court*, 727 P.2d 45 (Colo.1986). The offenses here were committed on June 13, 1985. Thus, the trial court erred in sentencing defendant to a mandatory parole term.

However, the trial court has discretion to subject defendant to up to one year of supervision by the district probation office after his release from the community correctional facility. *See* § 17–27–105(5), C.R.S. (1986 Repl. Vol. 8A). Accordingly, on resentencing, the trial court may impose a period of supervision pursuant to § 17–27–105(5), C.R.S. (1986 Repl. Vol. 8A). *See* Crim.P. 35(a).

The judgment is affirmed, and the cause is remanded for resentencing in accordance with the views expressed herein.

ENOCH, C.J., and STERNBERG, J., concur.