The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gary Allen **GRAHAM**,
Defendant–Appellant.

No. 87CA1557.

Colorado Court of Appeals,
Div. V.

Dec. 21, 1989.

Rehearing Denied Jan. 25, 1990.

Certiorari Denied July 9, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

The issues presented on this appeal concern the effect of an illegal sentence and whether defendant has shown present need for relief therefrom. We determine that need for relief from a completed sentence has not been demonstrated and, therefore, affirm the trial court's order denying Crim.P. 35 relief.

In February 1985, defendant committed the class five felony of possession of a weapon by a previous offender. *See* § 18–12–108, C.R.S. (1986 Repl.Vol. 8B). He pled guilty and was sentenced to a term of two years in the Department of Corrections, plus one year of parole. No appeal of the conviction or sentence was pursued.

Defendant was released from custody on June 28, 1986, and the one-year term of parole then began. On September 4, 1986, the parole board revoked defendant's parole and remanded him to serve an additional one year in the Department of Corrections.

In January 1987, he filed a Crim.P. 35(c) motion. However, before that motion was acted upon, defendant fully served the sentence imposed in September 1986, and he was released from the Department of Corrections on March 4, 1987.

At the time of his March 4 release, defendant was placed on parole for a period of two years, but was later returned to custody for a parole violation. Defendant renewed his request for a hearing on the Crim.P. 35(c) motion, and one was held on September 16, 1987. At that hearing, defendant testified without contradiction that

his parole was revoked for technical violations rather than for commission of new criminal offenses.

On October 9, 1987, defendant completed service of his sentence and any parole obligations inherent therein, and was given an unconditional release. By that time, he had served well in excess of the maximum amount of time he could have been required to serve on his original sentence. On the day of his release, he initiated this appeal, challenging denial of his Crim.P. 35 motion.

■ Section 18–1–105(1)(a)(II), C.R.S. (1986 Repl.Vol. 8B), provides that a class five felony, committed on or after July 1, 1984, and before July 1, 1985, is punishable only by a one-to-two year term, and a judicially imposed period of parole is not permitted under the statute. *See* § 17–22.5–303(3) and (4), C.R.S. (1986 Repl. Vol. 8A). Accordingly, we agree with the contention of defendant, to which the People concede, that the trial court erred in its imposition of a period of parole as a part of the sentence. *See Qureshi v. District Court,* 727 P.2d 45 (Colo.1986); *People v. Chrissinger,* 749 P.2d 442 (Colo.App.1987).

■ Nevertheless, although the trial court exceeded its authority in imposing the parole portion of the sentence, we determine that no remedy is now available to defendant under Crim.P. 35(c).

Defendant fully discharged his sentence and any parole obligations associated therewith. Thus, in this proceeding defendant is necessarily seeking post-conviction relief from the sentence he has served to completion. In so doing, he is charged with the burden of showing a present need for such relief. *See People v. Muniz,* 667 P.2d 1377 (Colo.1983); *City & County of Denver v. Rhinehart,* 742 P.2d 948 (Colo.App.1987).

The *Rhinehart* holding establishes that the test for seeking to vacate a previous conviction is set forth in IV ABA, *Standards for Criminal Justice,* Standard 22–2.4(c) (2d ed.1980). That standard provides as follows:

"(c) Where an applicant *has completed service of a challenged sentence* and be-

latedly seeks postconviction relief, he or she can be charged with the burden of showing present need for such relief. A sufficient showing of present need is made where:

(i) an applicant is facing prosecution or has been convicted and the challenged conviction *or sentence* may be, or has been, a factor in sentencing for the current offense;

(ii) an applicant may be disadvantaged in obtaining parole under a later sentence; or

(iii) an applicant is under a civil disability resulting from the challenged conviction and preventing the applicant from a desired and otherwise feasible action or activity." (emphasis added)

■ We conclude that the rubric of Standard 22–2.4(c) extends beyond the illegal conviction context and also applies to cases that, as here, involve illegal sentencing. Standard 22–2.4(c)(i) refers to circumstances under which a challenged sentence, as well as a challenged conviction, may constitute a factor from which some legal sanction, restriction, or disadvantage may result. While we do not here delineate concepts of present need flowing from illegal sentencing, we agree with Standard 22–2.4(c)(i) that such circumstances are conceivable, and may be addressed under the present need doctrine.

Here, however, defendant has made no showing of present need under the criteria of Standard 22–2.4(c), or otherwise noted in the cases. Accordingly, he is not entitled to any remedy under Crim.P. 35(c). *See City & County of Denver v. Rhinehart, supra; cf. People v. Bravo,* 692 P.2d 325 (Colo.App.1984).

The order is affirmed.

PLANK and NEY, JJ., concur.