The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

**Richard D. ROBBINS, Defendant–Appellant.**

No. 01CA0927.

Colorado Court of Appeals, Div. V.

April 10, 2003.

Rehearing Denied July 17, 2003.

Certiorari Granted April 12, 2004.*

---

Ken Salazar, Attorney General, Laurie A. Booras, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

James O. Simpson, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Richard D. Robbins, appeals the trial court's order denying his motion for postconviction relief pursuant to Crim. P. 35(c). We affirm.

Following a jury trial in 1958, defendant was convicted of first degree murder and sentenced to prison for a life term. His conviction was affirmed on appeal. *Robbins v. People*, 142 Colo. 254, 350 P.2d 818 (1960)(*Robbins I* ).

In April 1995, defendant filed a motion for postconviction relief pursuant to Crim. P. 35(c) alleging ineffective assistance of counsel. Although the People did not respond to defendant's motion, the trial court concluded that it was barred by the doctrine of laches and denied relief without conducting an evidentiary hearing.

In *People v. Robbins,* (Colo.App. No. 95CA1566, Oct. 24, 1996)(not published pursuant to C.A.R. 35(f))(*Robbins II* ), a division of this court concluded that, because defendant was convicted of a class one felony, there was no limitations period for filing a motion for postconviction relief pursuant to § 16–5–402(1), C.R.S.2002. Nevertheless, the division concluded that the equitable doctrine of laches could be invoked to bar a person convicted of a class one felony, such as defendant, from obtaining postconviction relief. As the division explained, laches is an affirmative defense which requires the asserting party to prove that it was prejudiced by the opposing party's unconscionable delay. *See People v. Bravo,* 692 P.2d 325, 326 (Colo. App.1984).

The *Robbins II* division further concluded that, although the trial court had a proper basis for invoking the doctrine of laches on its own motion, defendant was entitled to an opportunity to explain his delay and to rebut the trial court's determination that the prosecution had been prejudiced. Accordingly, the division remanded the case for further proceedings.

Upon remand, the trial court held an evidentiary hearing to determine the circumstances of defendant's delay and any prejudice to the prosecution. Based on the evidence introduced at that hearing, the trial court found that defendant had begun serving his sentence in 1958, that he had been paroled three times beginning in 1972, and that each period of parole had culminated in a revocation, the last occurring in 1982. The trial court further found that although defendant could have pursued postconviction relief at any time including during any of the three times he was on parole, he instead waited until 1995, eight months after his trial counsel died.

The court found that the timing of defendant's postconviction motion, coming so soon after the death of his trial counsel, was "suspect." The trial court rejected defendant's assertion that his delay was attributable to mental impairments, specifically finding "unconvincing the testimony from family members about the defendant's learning disability, his being slow, and other possible mental defects." The trial court found that it was "unconscionable" for defendant not to have filed a postconviction motion until after he had repeatedly failed on parole. The trial court also found that defendant's lengthy delay had caused significant and irreparable prejudice to the prosecution because only trial counsel could have rebutted defendant's allegations of ineffective assistance of counsel. Accordingly, the court reaffirmed its previous determination that defendant's motion was barred by the doctrine of laches. This appeal followed.

## I.

Defendant first argues that the doctrine of laches cannot be applied to a postconviction motion challenging a class one felony conviction because the limitations statute for postconviction motions specifies that there is "no limit" in cases involving class one felonies. We disagree.

## A.

As an initial matter, we reject the People's assertion that the division in *Robbins II* previously decided this question and thereby established the law of the case.

The pronouncement of an appellate court on an issue becomes the law of the case and is binding in subsequent appeals involving the same case. *See People v. Roybal,* 672 P.2d 1003, 1005–06 (Colo.1983).

In our view, *Robbins II* deferred final resolution of this legal question pending the trial court's factual redetermination of whether defendant's claim was barred by the doctrine of laches. In any event, because we agree with the conclusion of *Robbins II,* the law of the case doctrine does not prevent us from expanding upon the analysis there to provide precedential guidance concerning this issue.

## B.

As relevant here, the limitations statute for postconviction challenges provides as follows:

Except as otherwise provided in subsection (2) of this section [detailing exceptions for

motions challenging a court's jurisdiction and motions supported by a showing of justifiable excuse or excusable neglect], no person who has been convicted as an adult ... under a criminal statute of this or any other state of the United States shall collaterally attack the validity of that conviction or adjudication unless such attack is commenced within the applicable time period, as provided in this subsection (1), following the date of said conviction ...:

All class 1 felonies: No limit

All other felonies: Three years....

Section 16–5–402(1).

Before this statute was enacted in 1981 and reenacted in a constitutional version in 1984, no Colorado statute limited the time in which a defendant could challenge the validity of a conviction. *See People v. Fagerholm,* 768 P.2d 689 (Colo.1989); *People v. Germany,* 674 P.2d 345 (Colo.1983). However, before the statute was enacted, the supreme court had made clear that the common law doctrine of laches could be asserted as a bar to a motion for postconviction relief. *See People v. Arnold,* 190 Colo. 193, 194, 544 P.2d 968, 969 (1976)("defendant is guilty of laches and is not entitled to post-conviction relief"); *see—also People v. Salvador,* 189 Colo. 181, 183, 539 P.2d 1273, 1274 (1975)(discussing, but not applying, the doctrine of laches to a postconviction motion). Thus, the question before us is whether the absence of a limitations period for class one felonies in § 16–5–402(1) signifies the General Assembly's intent to abrogate the common law doctrine of laches for that particular class of felonies. We discern no such intent.

■ A statute may not be interpreted to abrogate the common law unless such abrogation was clearly the intent of the General Assembly. *Preston v. Dupont,* 35 P.3d 433, 440 (Colo.2001).

Here, defendant essentially argues that by specifying in § 16–5–402(1) that there is "no limit" on the time for a postconviction challenge to class one felony conviction, the General Assembly intended to make class one felony convictions perpetually nonfinal and forever vulnerable to collateral attack, irrespective of how stale the underlying claims

may have become or how great the prejudice to the prosecution may be. We conclude this was not the General Assembly's intent. *See People v. Richards,* 23 P.3d 1223 (Colo.App. 2000)(courts must avoid statutory interpretations leading to absurd results).

■ A more reasonable explanation for the absence of a limitations period for class one felonies in § 16–5–402(1) is that the General Assembly determined it would be inappropriate to establish a fixed limitations period for the filing of postconviction motions in cases where defendants have been convicted of the most serious felonies and face the longest sentences. Such a legislative determination does not manifest a clear intent to deprive courts of their preexisting ability to apply the doctrine of laches to class one felony cases. Rather, under our analysis, trial courts, in the most serious criminal cases, may continue to assess individually whether equitable considerations should preclude postconviction relief when a defendant has been convicted of a class one felony.

Accordingly, we conclude that the doctrine of laches is applicable to persons, such as defendant, convicted of class one felonies. *Cf. People v. Wiedemer,* 852 P.2d 424, 433 (Colo.1993)(appearing to accept that the doctrine of laches continues to apply to postconviction motions subject to the limitations periods of § 16–5–402(1)).

II.

■ Defendant next argues that the trial court erred in concluding that his motion was barred by the doctrine of laches. We disagree.

■ The weight and credibility to be given the testimony of witnesses in a Crim. P. 35(c) hearing are within the province of the trial court. If there is sufficient evidence in the record to support the court's findings, its ruling will not be disturbed on review. *People v. Downey,* 994 P.2d 452, 455 (Colo.App. 1999), *aff'd,* 25 P.3d 1200 (Colo.2001).

The record supports the trial court's finding that defendant's delay of over thirty-five years in bringing a postconviction motion is unconscionable. We further conclude the

record supports the trial court's finding that allowing defendant to pursue postconviction relief at this late date would be unfairly prejudicial to the prosecution because the attorney who is the subject of defendant's ineffective assistance allegations is now deceased. Accordingly, we uphold the trial court's application of the doctrine of laches as a bar to defendant's motion.

The order is affirmed.

Judge CASEBOLT and Judge NIETO concur.