24CA0090 Peo v Robledo-Valdez 10-02-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0090
Jefferson County District Court No. 16CR535
Honorable Randall C. Arp, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Craig Sebastian Robledo-Valdez,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE TOW
Lum and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 2, 2025

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Craig Sebastian Robledo-Valdez, Pro Se

¶ 1    Defendant, Craig Sebastian Robledo-Valdez, appeals the postconviction court's order denying zhis Crim. P. 35(c) motion for postconviction relief.[1]  We affirm, albeit on different grounds.

## I.    Background

¶ 2    Pursuant to a plea agreement, Robledo-Valdez pleaded guilty to two counts of stalking, *see* § 18-3-602(1)(c), C.R.S. 2025, and received stipulated, consecutive four-year sentences in the custody of the Department of Corrections (DOC) on each count.  Before sentencing, zhe moved to withdraw zhis guilty plea pursuant to Crim. P. 32(d), based in part on alleged discovery violations.  The trial court denied the motion and imposed the stipulated, aggregate eight-year DOC sentence.  A division of this court affirmed the order denying Robledo-Valdez's motion to withdraw zhis guilty plea.  *See People v. Robledo-Valdez*, (Colo. App. No. 17CA1828, Apr. 30, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 3    In December 2020, Robledo-Valdez filed a motion that was designated as a "Motion to Correct Illegal Sentence" under Crim. P. 35(a) but that asserted constitutional challenges to zhis

---

[1] Robledo-Valdez uses the pronouns zhe/zhim.

sentence under Crim. P. 35(c), which the postconviction court summarily denied.  In March 2021, zhe filed a motion to supplement zhis Crim. P. 35 claims, which the court denied.  And in May 2021, Robledo-Valdez filed a "Petition for Rehearing" of zhis Crim. P. 35 claims, which the court denied.  Robledo-Valdez appealed this last order, and a division of this court affirmed it.  *See People v. Robledo-Valdez*, slip op. at ¶ 17 (Colo. App. No. 21CA1218, Oct. 13, 2022) (not published pursuant to C.A.R. 35(e)).  In doing so, the division concluded that the arguments in the Petition for Rehearing were cognizable under Crim. P. 35(c) and that the court was required to deny them as successive because they could have been asserted in Robledo-Valdez's December 2020 or March 2021 motions.  *Id.* at ¶¶ 8, 11, 13-15; *see also People v. Knoeppchen*, 2019 COA 34, ¶ 6 ("[T]he substantive issues raised in a motion, rather than the label placed on such motion, . . . determine how the matter should be characterized."), *overruled on other grounds by*, *People v. Weeks*, 2021 CO 75, ¶ 47 n.16.

¶ 4     In October 2023, Robledo-Valdez filed another Crim. P. 35(c) motion, in which zhe asserted numerous challenges to zhis conviction.  Among other things, zhe argued zhe was entitled to the

2

retroactive application of the United States Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66 (2023). In *Counterman*, the Supreme Court held that, in a criminal prosecution premised on communications of true threats of violence, "[t]he State must show that the defendant consciously disregarded a substantial risk that his communications would be viewed as threatening violence." *Id.* at 69, 72-73.

¶ 5    In a lengthy order, the postconviction court denied the motion without a hearing. The court denied most of the claims as successive because they either had been previously raised and resolved or they could have been raised in prior appellate or postconviction proceedings. As to Robledo-Valdez's *Counterman* claim, the court determined that zhe was not entitled to retroactive application of *Counterman* because zhis conviction was final before the Supreme Court decided *Counterman*.

## II.    Standard of Review

¶ 6    We review de novo a court's denial without a hearing of a Crim. P. 35(c) motion for postconviction relief. *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 7    To be entitled to a hearing, a defendant must assert facts that, if true, would provide a basis for relief. *White v. Denv. Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). A Crim. P. 35(c) motion may be denied without an evidentiary hearing only where the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

### III.    Constitutional Challenge

¶ 8    Robledo-Valdez reasserts that zhe was entitled to retroactive application of the new rule of constitutional law announced in *Counterman* and that zhis stalking conviction is consequently unconstitutional. We decline to address this contention, however, because Robledo-Valdez waived it when zhe pleaded guilty.

¶ 9    A statute can be unconstitutional either on its face or as it is applied. *People v. Perez-Rodriguez*, 2017 COA 77, ¶ 9.

¶ 10    A statute that restricts speech may be struck down as facially overbroad if it substantially infringes, or has a chilling effect, on speech protected by the First Amendment. *People v. Moreno*, 2022 CO 15, ¶¶ 11, 13; *People v. Graves*, 2016 CO 15, ¶ 12. "Outside the First Amendment context, a facial challenge alleges that there are

4

no circumstances to which a statute can be applied constitutionally." *People v. Ford*, 232 P.3d 260, 263 (Colo. App. 2009).

¶ 11 "By contrast, an as-applied constitutional challenge contends that a provision is unconstitutional under the specific circumstances in which a party has acted or is planning to act." *People v. Hernandez*, 2025 CO 13, ¶ 14.

¶ 12 When a defendant enters a guilty plea, they waive important constitutional rights. *Medina v. People*, 2023 CO 46, ¶ 17. Specifically, "[a] valid, unconditional guilty plea waives all nonjurisdictional objections, including allegations that constitutional rights have been violated." *People v. Butler*, 251 P.3d 519, 520 (Colo. App. 2010). But there are exceptions to this waiver. *Ford*, 232 P.3d at 261-62.

¶ 13 The entry of a guilty plea waives a defendant's ability to assert an "as-applied" challenge to the constitutionality of the statute defining the offense to which they pleaded guilty. *People v. Gardner*, 250 P.3d 1262, 1268 (Colo. App. 2010); *Ford*, 232 P.3d at 262-63. However, the entry of a guilty plea does not waive a "facial" challenge to such statute. *Ford*, 232 P.3d at 262.

¶ 14    Robledo-Valdez maintains that *Counterman* struck down the provision of the Colorado stalking statute pursuant to which zhe pleaded guilty as facially unconstitutional and that all stalking convictions pursuant to that provision are consequently infirm.  We are not convinced.

¶ 15    We read nothing in *Counterman* as striking down any provision of the Colorado stalking statute.  *See People v. Crawford,* 2025 CO 22, ¶ 1 (In *Counterman,* "the U.S. Supreme Court interpreted a provision of Colorado's stalking statute.").  Instead, the Court addressed the constitutionality of a provision of the statute as it was applied to the defendant in a true-threats case. *See Counterman,* 600 U.S. at 72 ("The first dispute here is about whether the First Amendment nonetheless demands that the State in a true-threats case prove that the defendant was aware in some way of the threatening nature of his communications."); *id.* at 72 n.2 ("The question in this case arises when the defendant . . . understands the content of the words, but may not grasp that others would find them threatening.  Must he do so, under the First Amendment, for a true-threats prosecution to succeed?"); *id.* at 82 (the defendant's stalking conviction violated

6

the First Amendment because, in its prosecution, the State "did not have to show any awareness on his part that [his] statements could be understood" as threats); *see also Hernandez*, ¶ 14 ("[I]n as-applied constitutional challenges, the issue is whether certain actions are unconstitutional applications of the law, not whether a statute should be 'declared unconstitutional' in *all* of its possible applications.").

¶ 16 Thus, *Counterman* involved an as-applied constitutional challenge to the Colorado stalking statute. *See People v. Counterman*, 2021 COA 97, ¶¶ 1-2, 15, 23, 34, 53, 59 (the defendant's claim was an "as-applied" constitutional challenge), *vacated*, 600 U.S. at 83; *State v. Labbe*, 2024 ME 15, ¶ 48, 314 A.3d 162, 178 (rejecting the defendant's facial challenge to Maine's stalking statute because "*Counterman* did not hold that . . . the Colorado stalking statute was facially unconstitutional; it was an as-applied challenge based on the specific facts in, and posture of, that case"); *cf. Hernandez*, ¶¶ 1, 3, 6 (concluding that the supreme court lacked jurisdiction to review the trial court's order dismissing a criminal complaint in partial reliance on *Counterman*

because the dismissal was based on as-applied constitutional grounds, which must first be filed with the court of appeals).

¶ 17 Accordingly, by pleading guilty, Robledo-Valdez waived zhis ability to assert any as-applied challenge to the constitutionality of the statute defining the stalking offense to which zhe pleaded guilty.

¶ 18 To the extent Robledo-Valdez is asserting a facial challenge to the stalking statute that is independent of *Counterman*, we decline to address that argument because it was not sufficiently developed, *see People v. Houser*, 2020 COA 128, ¶ 24, and it could have been raised in a prior appeal or postconviction proceeding, *see* Crim. P. 35(c)(3)(VII).

### IV. Remaining Claims

¶ 19 Robledo-Valdez additionally argues that, in executing a search warrant, the police violated zhis constitutional right against unreasonable searches and seizures. We decline to address this issue because it could have been raised in zhis direct appeal or a prior postconviction proceeding, *see* Crim. P. 35(c)(3)(VII), and because zhe waived the issue when zhe pleaded guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that [they are] in

fact guilty of the offense with which [they are] charged, [they] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Butler*, 251 P.3d at 520 ("A guilty plea waives a defendant's right to challenge [their] plea on the basis of an illegal search and seizure.").

¶ 20    Robledo-Valdez further asserts that the prosecution committed discovery violations that affected the validity of zhis guilty plea.  We also decline to consider this issue because it was raised in zhis Crim. P. 32(d) motion and was resolved in zhis direct appeal.  *See People v. Dunlap*, 975 P.2d 723, 758 (Colo. 1999) ("The [law of the case] doctrine provides that prior relevant rulings made in the same case are to be followed unless such application would result in error or unless the ruling is no longer sound due to changed conditions."); *People v. Robbins*, 87 P.3d 120, 122 (Colo. App. 2003) ("The pronouncement of an appellate court on an issue becomes the law of the case and is binding in subsequent appeals involving the same case."), *aff'd*, 107 P.3d 384 (Colo. 2005); *see also* Crim. P. 35(c)(3)(VI) (a claim generally must be denied if it was raised and resolved in a prior appeal or postconviction proceeding).

To the extent the underlying discovery violation claim differs from the one raised in zhis Crim. P. 32(d) motion, the claim was nevertheless required to be denied because it could have been asserted in a prior postconviction proceeding. Crim. P. 35(c)(3)(VII).

¶ 21    Lastly, we decline to address any claim mentioned in Robledo-Valdez's opening brief that was not sufficiently argued or developed. *See Houser*, ¶ 24. And any claim raised in Robledo-Valdez's motion that was not reasserted on appeal is abandoned. *See People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010); *see also* C.A.R. 57 ("Incorporation by reference of briefs previously filed in the lower court is prohibited."); *People v. Gutierrez-Vite*, 2014 COA 159, ¶ 28 (declining to address incorporated arguments).

## V.    Disposition

¶ 22    The order is affirmed.

JUDGE LUM and JUDGE MOULTRIE concur.