25CA0124 Peo v DeHaven 01-29-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0124
Jefferson County District Court No. 05CR4495
Honorable Lindsay VanGilder, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James William DeHaven,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE BERNARD*
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 29, 2026

---

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

James William DeHaven, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, James William DeHaven, appeals the postconviction court's order denying his motion for postconviction relief.  We affirm.

## I.     Background

¶ 2     In December 2005, the prosecution charged defendant with three class 3 felonies, naming his biological daughter as the victim of the crimes.  Count 1 alleged he had committed sexual assault on a child on a victim under fifteen years of age while being in a position of trust regarding the victim; count 2 alleged he had committed sexual assault on a child by one in a position of trust as part of a pattern of abuse; and count 3 alleged he had committed aggravated incest.  The counts alleged defendant had committed these offenses during the following time periods: for count 1, between January 1, 1996, and August 15, 1998; for count 2, between June 1, 1992, and August 15, 1998; and for count three, between June 1, 1992, and August 15, 2001.

¶ 3     Before trial, defendant filed a motion to dismiss count 1 because the victim turned fifteen years old on August 15, 1995. The motion argued that the information was defective because it alleged the victim was under fifteen during the period covered by

1

count 1, which was, as we indicated above, between January 1, 1996, and August 15, 1998.  The prosecution agreed and moved to amend count 1 to charge defendant with the class 4 felony of sexual assault by one in a position of trust on a child under eighteen years of age.  As a result, the trial court denied defendant's motion to dismiss and granted the prosecution's motion to amend count 1.

¶ 4    Defendant also filed a pretrial motion to dismiss counts 2 and 3 because they were barred by the applicable ten-year statute of limitations.  The trial court denied this motion, reasoning that the statute of limitations did not bar the charges "as long as the last-charged act within" each count occurred within ten years of the filing of the charges.

¶ 5    A jury convicted defendant of all three counts.  A division of this court affirmed the judgment of conviction.  *See People v. DeHaven*, (Colo. App. No. 07CA0134, Apr. 2, 2009)(not published pursuant to C.A.R. 35(f))(*DeHaven I*).

¶ 6    In August 2010, defendant filed a pro se Crim. P. 35(c) motion.  The postconviction court appointed counsel for defendant, and counsel supplemented the motion.  In its response to the motion, the prosecution conceded the trial court lacked subject matter

jurisdiction over count 2 because evidence presented at trial showed the criminal acts underlying count 2 ended in 1993. Consequently, the applicable ten-year statute of limitations had run by the time the complaint was filed in 2005.

¶ 7     At a hearing, the postconviction court vacated count 2, but it denied defendant's jurisdictional challenges to counts 1 and 3. In a later written order, the postconviction court denied his remaining claims.

¶ 8     On appeal, a division of this court affirmed the orders in part and vacated them in part. *See People v. DeHaven*, (Colo. App. No. 16CA0315, Dec. 6, 2018)(not published pursuant to C.A.R. 35(e))(*DeHaven II*). As is pertinent to our analysis, the division concluded the district court lacked subject matter jurisdiction over count 3. The division vacated the related conviction "[b]ecause the applicable statute of limitations required the information to be filed within ten years after commission of the alleged offense, and thus any offense committed between June 1, 1992, and December 22, 1995, was time barred, the earlier date on the information rendered the information defective." *Id.* at ¶ 24. In other words, because count 3 charged an offense that was partially outside the statute of

limitations, and because, although this defect was one of form, it was not corrected by an amendment, the entire count was therefore defective. *Id.* at ¶¶ 20-22.

¶ 9 The division also decided that the information was not substantively defective as to count 1 and that, therefore, the court had jurisdiction over this charge because (1) the incorrect allegation that the victim was under fifteen years of age was a defect to a sentence enhancer, and not to the elements of the offense, and (2) "the dates alleged fell within the applicable statute of limitations." *Id.* at ¶¶ 27-30. The division also held any error was nevertheless harmless because the information was amended to remove the erroneous sentence enhancer. *Id.* at ¶¶ 29-31. The division therefore "conclude[d] that the original information did not include a substantive defect, and any error in the information as to count 1 was harmless." *Id.* at ¶ 32.

¶ 10 Defendant later filed a Crim. P. 35(a) motion to dismiss his criminal case, alleging the trial court never acquired subject matter jurisdiction over his case or was divested of jurisdiction over it. The postconviction court denied the motion, and defendant appeals.

## II. Additional Facts, Legal Authority, and Standard of Review

### A. Additional Facts

¶ 11    Before 2002, the relevant statute of limitations required a criminal case to be filed within ten years after the commission of a sex offense against a child. § 18-3-411(1), (2), C.R.S. 2001. We shall call this statute of limitations the "flat ten-year statute."

¶ 12    In 2002, the legislature amended the statute of limitations to provide, as is relevant to this case, that a criminal action based on a sex offense against a child, which was alleged to have occurred on or after July 1, 1992, must be filed within ten years of when the victim turns eighteen. § 18-3-411(2)(b), C.R.S. 2002; *see* Ch. 288, sec. 2, § 18-3-411(2)(b), 2002 Colo. Sess. Laws 1128. We shall call this modification of the statute of limitations the "2002 amended statute." The Colorado Supreme Court later ruled that the 2002 amended statute only applied to crimes committed on or after its effective date, which was "upon passage." *People v. Summers*, 208 P.3d 251, 253, 256-59 (Colo. 2009).

### B. Legal Authority and Standard of Review

¶ 13    An alleged statute of limitations violation in a criminal case implicates the court's subject matter jurisdiction. *People v. Butler*,

2017 COA 117, ¶ 14. A defendant can collaterally attack a judgment entered by a court that lacked subject matter jurisdiction at any time. *See* § 16-5-402(2)(a), C.R.S. 2025; Crim. P. 35(a); Crim. P. 35(c)(2)(III), (c)(3)(VII)(d); *People v. Lopez,* 2020 COA 119, ¶ 21.

¶ 14    Whether a court has jurisdiction is a question of law we review de novo. *Strepka v. People,* 2021 CO 58, ¶ 14.

### III.    Analysis

¶ 15    Defendant contends the trial court did not acquire, or was divested of, subject matter jurisdiction over his case because (1) the prosecution incorrectly applied the 2002 amended statute, instead of the flat ten-year statute, when initiating the criminal proceeding against him, and (2) the trial court incorrectly applied the 2002 amended statute, instead of the flat ten-year statute, when presiding over his trial. We are not persuaded.

¶ 16    When a defendant raises a statute of limitations challenge, a court applies the applicable statutory limitation period and determines if it has jurisdiction over the challenged count. *See People v. Market,* 2020 COA 90, ¶¶ 15-24; *see also People v. Schnorenberg,* 2023 COA 82, ¶¶ 1, 6, 40-44, 47 (vacating the

convictions based on counts that were barred by the statute of limitations and remanding the case for further proceedings on the other counts). That is what happened in this case.

¶ 17     The record undermines defendant's assertion that the trial court, the postconviction court, or the division in *DeHaven II* applied the 2002 amended statute. His pretrial motion to dismiss counts 2 and 3 and the transcript of the parties' argument on that motion show the trial court applied the flat ten-year statute; the proceedings before the postconviction court show that it applied the flat ten-year statute; and the division's opinion in *DeHaven II*, demonstrated that it applied the flat ten-year statute. To put it another way, defendant's assertion concerning the 2002 amended statute is a red herring.

¶ 18     But, when applying the flat ten-year statute to count 1, the division in *DeHaven II* determined that the trial court had jurisdiction because the alleged acts fell entirely within the ten-year period that preceded the filing of the complaint and information.

¶ 19     So defendant received the relief to which he was entitled under the flat ten-year statute: his convictions on counts 2 and 3 were vacated.

¶ 20     Defendant submits the flat ten-year statute also barred count 1 because the information defectively alleged the victim was less than fifteen years old during the commission of the crime; rather, he continues, the victim was more than fifteen years old during (1) the entire time covered by count one, and (2) the ten years preceding the filing of the information.  But the division rejected this same submission in *DeHaven II*, and we decline to revisit the prior division's decision.  *See People v. Robbins*, 87 P.3d 120, 122 (Colo. App. 2003)("The pronouncement of an appellate court on an issue becomes the law of the case and is binding in subsequent appeals involving the same case."), *aff'd*, 107 P.3d 384 (Colo. 2005); *see also People v. Washam*, 2018 CO 19, ¶ 14 (An information "is defective in substance if it fails to charge an essential element of the offense."); *People v. Leske*, 957 P.2d 1030, 1039 (Colo. 1998)("Proof that the victim was under fifteen years of age at the time of the offense . . . merely serves to enhance the sentence of the position of trust offense; it is not necessary to establish an element of that offense.").

¶ 21     Relatedly, defendant contends the prosecution's attempt to amend count 1 did not take effect because an oral request to amend

a charging document is not permitted, and the prosecution never submitted a written amended complaint. This contention, though, was not raised in defendant's postconviction motion, and, because it does not implicate the court's jurisdiction, we decline to address it. *See People v. Cali*, 2020 CO 20, ¶ 34 (appellate court will not consider issues not raised before a postconviction court in a postconviction motion); *People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998); *see Market*, ¶ 13 ("Issues of subject matter jurisdiction can be raised for the first time on appeal.").

¶ 22     Last, defendant asserts that the trial court did not acquire subject matter jurisdiction because the original information required major amendments. We will not revisit the prior division's ruling that "the original information did not include a substantive defect." *See DeHaven II*, No. 16CA0315, slip op. at ¶ 32; *see Robbins*, 87 P.3d at 122.

¶ 23     We do not address any other claim defendant raised on appeal that could have been raised in a prior postconviction proceeding. *See Salazar*, 964 P.2d at 507; *see* Crim. P. 35(c)(3)(VII).

¶ 24     The order is affirmed.

JUDGE DUNN and JUDGE MOULTRIE concur.